Oourt of Claims jurisdiction; tort claim. — On September 30, 1976 the court entered the following order:
Before Davis, Judge, Presiding, KuNzig and BeNNEtt, Judges.
“This case comes before the court on defendant’s motion to dismiss plaintiff’s claims and plaintiff’s response thereto. Plaintiff has filed two petitions which are joined under a single docket number. He has moved to amend his plead *328 ings. We allow him to do so and consider his claims as amended.
“Plaintiff, proceeding pro se, alleges that he is a war veteran of scientific and administrative talents whose name was arbitrarily removed by the Civil Service Commission in 1972 from listings of qualified eligibles for government employment. He claims damages of $500,000 based on the first, fourth, fifth and sixth amendments to the Constitution because of- defendant’s action which he alleges is predicated on his alleged mental instability and which charge is discriminatory, vindictive and malicious, and denied him due process.' His claim for money damages is for lost employment, lost health, lost privacy, lost reputation, lost time, mental anguish, forced poverty, lost prestige, loss of respect and lost chances to maintain his advanced knowledge as a metallurgist and physicist. In a companion action based on the fifth and ninth amendments he seeks $1 million for substantially the same reasons, but including his ‘space industry contribution’ represented by unidentified patents. Plaintiff further represents that he exists on veteran’s compensation which totals $478 per month. He has been permitted by the court to sue as a poor person on his affidavit of poverty. Defendant concedes that plaintiff -has a YA rating of 100 percent total and permanent disability.
. “The thrust of the motion to dismiss is that plaintiff seeks relief which the court does-not have jurisdiction to grant. Defendant-is plainly correct. The, claims before us sound in tort and tort jurisdiction is denied to us by Congress under the Tucker Act, 28 TT.S.C. § 1491. (1970). See the order in Myers v. United States, 206 Ct. Cl. 863 (1975), which collects relevant -authorities going back to 1866. Most recently the Tucker -Act’s limitations were discussed by the Supreme Court in United States v. Testan, 424 U.S. 392 (1976), which cites-and approves, among others, the discussion of the- jurisdiction of this court in Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967).
“it is therefore ordered, upon consideration of plaintiff’s petitions as amended and joined, plaintiff’s' affidavit, memorandum of law and exhibits, defendant’s responses thereto *329 and its motion to dismiss, without oral argument, that defendant’s motion to dismiss is .granted and plaintiff’s petitions are hereby dismissed.”